# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| OYSTER OPTICS, LLC,<br><br>    Plaintiff,<br><br> v.<br><br>INFINERA CORPORATION, CORIANT (USA) INC., CORIANT NORTH AMERICA, LLC, and CORIAN OPERATIONS, INC.,<br><br>    Defendants. | Case No. 2:19-cv-00257-JRG |

# PLAINTIFF OYSTER OPTICS, LLC'S ANSWER
# TO DEFENDANTS' COUNTERCLAIMS

Plaintiff Oyster Optics, LLC ("Oyster") hereby answers the Counterclaims of Defendant Infinera Corporation, Coriant (USA) Inc., Coriant North America, LLC, and Coriant Operations, Inc. (collectively "Infinera") as follows:

## NATURE OF THE ACTION

1. Oyster admits that Infinera has brought counterclaims for declarations of non-infringement and invalidity of U.S. Patent No. 6,665,500 ("the '500 patent") and declarations with respect to the validity, enforceability, and scope of Infinera's rights under the Coriant-Oyster settlement and license agreement. Oyster denies all remaining allegations of paragraph 1 of Infinera's counterclaims.

2. Oyster lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Infinera's counterclaims and on that basis denies the allegations.

3. Oyster lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Infinera's counterclaims and on that basis denies the allegations.

4. Oyster lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Infinera's counterclaims and on that basis denies the allegations.

5. Oyster lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Infinera's counterclaims and on that basis denies the allegations.

6. Oyster admits the allegations of paragraph 6 of Infinera's counterclaims.

## JURISDICTION AND VENUE

7. Oyster admits the allegations of paragraph 7 of Infinera's counterclaims.

8. Oyster admits that Oyster and Coriant entered into a settlement and license agreement. Oyster admits that it has filed an action in the Superior Court of California against Infinera. To the extent that the remainder of paragraph 8 of Infinera's counterclaims contains

allegations apart from conclusions of law for which no answer is required, Oyster denies those allegations.

9. Oyster admits the allegations of paragraph 9 of Infinera's counterclaims.

10. Oyster admits the allegations of paragraph 10 of Infinera's counterclaims.

11. To the extent that paragraph 11 of Infinera's counterclaims contains allegations apart from conclusions of law for which no answer is required, Oyster denies those allegations.

## FIRST COUNTERCLAIM

**(Declaratory Judgment of Non-Infringement of the '500 Patent)**

12. Oyster restates and incorporates by reference its answers to paragraphs 1 through 11 of Infinera's counterclaims as if set forth fully herein.

13. To the extent that paragraph 13 of Infinera's counterclaims contains allegations apart from conclusions of law for which no answer is required, Oyster denies those allegations.

14. Oyster denies the allegations of paragraph 14 of Infinera's counterclaims.

15. To the extent that paragraph 15 of Infinera's counterclaims contains allegations apart from conclusions of law for which no answer is required, Oyster denies those allegations.

## SECOND COUNTERCLAIM

**(Declaratory Judgment of Invalidity of the '500 Patent)**

16. Oyster restates and incorporates by reference its answers to paragraphs 1 through 15 of Infinera's counterclaims as if set forth fully herein.

17. To the extent that paragraph 17 of Infinera's counterclaims contains allegations apart from conclusions of law for which no answer is required, Oyster denies those allegations.

18. To the extent that paragraph 18 of Infinera's counterclaims contains allegations apart from conclusions of law for which no answer is required, Oyster denies those allegations.

## THIRD COUNTERCLAIM

**(Declaratory Judgment of Validity and Enforceability of the Oyster-Coriant Settlement and License Agreement)**

19. Oyster restates and incorporates by reference its answers to paragraphs 1 through

18 of Infinera's counterclaims as if set forth fully herein.

20. Oyster admits that on November 24, 2016, Oyster filed a complaint in this Court against Coriant America Inc. alleging infringement of U.S. Patents Nos. 6,469,816, 6,476,952, 6,594,055, 7,099,592, 7,620,327, 8,374,511, and 8,913,898. To the extent that the remainder of paragraph 20 of Infinera's counterclaims contains allegations apart from conclusions of law for which no answer is required, Oyster denies those allegations.

21. Oyster admits that it entered into a settlement and license agreement with the Coriant Defendants. To the extent that the remainder of paragraph 21 of Infinera's counterclaims contains allegations apart from conclusions of law for which no answer is required, Oyster denies those allegations.

22. Oyster admits that the Coriant Defendants denied infringing any of Oyster's patents and denied the validity of Oyster's patents. Oyster admits that it executed an agreement with Coriant and that Defendants' Exhibit A appears to be a reproduction of that agreement. Oyster admits that Exhibit A contains a grant of license using the phrase "royalty-free, irrevocable, perpetual, and fully paid-up license" and the term "Licensed Patents," subject to certain conditions. Oyster admits that Exhibit A contains a release. To the extent that the remainder of paragraph 22 of Infinera's counterclaims contains allegations apart from conclusions of law for which no answer is required, Oyster denies those allegations.

23. Oyster admits that Infinera acquired Coriant on or about October 1, 2018. To the extent that the remainder of paragraph 23 of Infinera's counterclaims contains allegations apart from conclusions of law for which no answer is required, Oyster denies those allegations.

24. Oyster admits that shortly after its acquisition of Coriant, Infinera asserted affirmative defenses of license and release against Oyster's patent infringement claims in Civil Actions Nos. 2:16-cv-1295 and 2:18-cv-206 and moved for summary judgment with respect to those defenses. To the extent that the remainder of paragraph 24 of Infinera's counterclaims contains allegations apart from conclusions of law for which no answer is required, Oyster denies those allegations.

25. Oyster admits that it disputed and disputes the scope of Infinera's rights under the Oyster-Coriant settlement and license agreement. To the extent that the remainder of paragraph 25 of Infinera's counterclaims contains allegations apart from conclusions of law for which no answer is required, Oyster denies those allegations.

26. To the extent that paragraph 26 of Infinera's counterclaims contains allegations apart from conclusions of law for which no answer is required, Oyster denies those allegations.

27. To the extent that paragraph 27 of Infinera's counterclaims contains allegations apart from conclusions of law for which no answer is required, Oyster denies those allegations.

28. Oyster admits that the Court held a hearing on Infinera's motion for summary judgment on June 12, 2019. To the extent that the remainder of paragraph 28 of Infinera's counterclaims contains allegations apart from conclusions of law for which no answer is required, Oyster denies those allegations.

29. Oyster admits that on June 20, 2019, Oyster filed a request to amend its complaint to assert claims for fraud in the inducement and to reform the Oyster-Coriant settlement and license agreement. To the extent that the remainder of paragraph 29 of Infinera's counterclaims contains allegations apart from conclusions of law for which no answer is required, Oyster denies those allegations.

30. Oyster admits that on June 25, 2019, the Court issued a memorandum opinion and order granting Infinera's motion for summary judgment. To the extent that the remainder of paragraph 30 of Infinera's counterclaims contains allegations apart from conclusions of law for which no answer is required, Oyster denies those allegations.

31. Oyster admits that on June 27, 2019, Oyster withdrew its request to amend its complaint. To the extent that the remainder of paragraph 31 of Infinera's counterclaims contains allegations apart from conclusions of law for which no answer is required, Oyster denies those allegations.

32. Oyster admits that on August 26, 2019, Oyster filed a complaint against Infinera in the Superior Court of California, County of Santa Clara, asserting claims for promissory fraud

and concealment and seeking to rescind or reform the Oyster-Coriant settlement agreement. To the extent that the remainder of paragraph 32 of Infinera's counterclaims contains allegations apart from conclusions of law for which no answer is required, Oyster denies those allegations.

33. To the extent that paragraph 33 of Infinera's counterclaims contains allegations apart from conclusions of law for which no answer is required, Oyster denies those allegations.

34. To the extent that paragraph 34 of Infinera's counterclaims contains allegations apart from conclusions of law for which no answer is required, Oyster denies those allegations.

35. To the extent that paragraph 35 of Infinera's counterclaims contains allegations apart from conclusions of law for which no answer is required, Oyster denies those allegations.

36. To the extent that paragraph 36 of Infinera's counterclaims contains allegations apart from conclusions of law for which no answer is required, Oyster denies those allegations.

37. To the extent that paragraph 37 of Infinera's counterclaims contains allegations apart from conclusions of law for which no answer is required, Oyster denies those allegations.

## FOURTH COUNTERCLAIM

**(Declaratory Judgment of Express or Implied License and Release)**

38. Oyster restates and incorporates by reference its answers to paragraphs 1 through 37 of Infinera's counterclaims as if set forth fully herein.

39. To the extent that paragraph 39 of Infinera's counterclaims contains allegations apart from conclusions of law for which no answer is required, Oyster denies those allegations.

40. Oyster admits that the Oyster-Coriant settlement and license agreement defines "Licensed Patents" as: "(i) the Patents-in-Suit (including without limitation all applications therefor); and (ii) any and all classes and types of related U.S. patents, U.S. patent applications, and U.S. patent rights including without limitation all divisions, continuations, continuations-in-part, reissues and reexaminations or extensions of such patents and patent applications. Notwithstanding the foregoing, Licensed Patents include, without limitation, the patents and applications set forth in Appendix B. Each of the Licensed Patents is individually a 'Licensed Patent' as the term is used herein." To the extent that the remainder of paragraph 40 of Infinera's

counterclaims contains allegations apart from conclusions of law for which no answer is required, Oyster denies those allegations.

41. Oyster admits that U.S. Patent No. 7,099,592 is one of the Patents-in-Suit under the Oyster-Coriant settlement and license agreement. To the extent that the remainder of paragraph 41 of Infinera's counterclaims contains allegations apart from conclusions of law for which no answer is required, Oyster denies those allegations.

42. Oyster admits that U.S. Patent No. 6,594,055 is one of the Patents-in-Suit under the Oyster-Coriant settlement and license agreement. To the extent that the remainder of paragraph 42 of Infinera's counterclaims contains allegations apart from conclusions of law for which no answer is required, Oyster denies those allegations.

43. To the extent that paragraph 43 of Infinera's counterclaims contains allegations apart from conclusions of law for which no answer is required, Oyster denies those allegations.

44. To the extent that paragraph 44 of Infinera's counterclaims contains allegations apart from conclusions of law for which no answer is required, Oyster denies those allegations.

45. To the extent that paragraph 45 of Infinera's counterclaims contains allegations apart from conclusions of law for which no answer is required, Oyster denies those allegations.

46. To the extent that paragraph 46 of Infinera's counterclaims contains allegations apart from conclusions of law for which no answer is required, Oyster denies those allegations.

47. To the extent that paragraph 47 of Infinera's counterclaims contains allegations apart from conclusions of law for which no answer is required, Oyster denies those allegations.

## **PRAYER FOR RELIEF**

WHEREFORE, Oyster prays for the following relief with respect to Infinera's counterclaims:

A. A dismissal with prejudice of Infinera's counterclaims;

B. An adjudication that Infinera is not entitled to any relief on its counterclaims, including, without limitation, any fine or damages; and

C. Costs and such further relief to which Oyster is entitled, and which the Court

deems just and equitable.

## DEMAND FOR JURY TRIAL

Oyster demands a trial by jury on all issues so triable.

Dated: November 18, 2019                    Respectfully submitted,

By: */s/ Neil Rubin*
Marc A. Fenster (CA SBN 181067)
Email: mfenster@raklaw.com
Reza Mirzaie (CA SBN 246953)
Email: rmirzaie@raklaw.com
Paul Kroeger (CA SBN 229074)
Email: pkroeger@raklaw.com
Neil Rubin (CA SBN 250761)
Email: nrubin@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: 310/826-7474
Facsimile 310/826-6991

## CERTIFICATE OF SERVICE

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on November 18, 2019 with a copy of this document via the Court's ECF system.

DATED: November 18, 2019                                  Respectfully submitted,

                                                                                            By: */s/ Neil Rubin*
                                                                                               Neil Rubin