**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **OYSTER OPTICS, LLC,**<br><br>    Plaintiff,<br><br>  v.<br><br>**INFINERA CORPORATION, CORIANT (USA) INC., CORIANT NORTH AMERICA, LLC, and CORIANT OPERATIONS, INC.,**<br><br>    Defendants. | **Civil Action No. 2:19-cv-00257** |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS
PLAINTIFF'S FRAUD AND CONCEALMENT CLAIMS UNDER RULE 12(b)(6)**

**TABLE OF CONTENTS**

**Page**

I. DISCUSSION ........................................................................................................... 1

    A. Oyster's Reliance Arguments are Unavailing ............................................ 1

    B. The FAC's Fraud Allegations Do Not Satisfy Rule 9(b) ........................... 2

    C. Oyster Failed to Plausibly Allege a Duty of Disclosure ............................ 3

    D. Oyster's Failure to Plead Injury Cannot be Cured By Resort to Equitable Remedies and Punitive Damages ................................................................ 4

    E. Res Judicata Bars Oyster's Fraud and Concealment Claims ..................... 4

II. CONCLUSION ........................................................................................................ 5

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Armstrong v. Am. Home Shield Corp.*,
   333 F.3d 566 (5th Cir. 2003) ...............................................................................................1, 2

*In re Capco Energy, Inc.*,
   669 F.3d 274 (5th Cir. 2012) ......................................................................................................2

*Cruz v. Andrews Restoration, Inc.*,
   364 S.W.3d 817 (Tex. 2012).......................................................................................................4

*Cummins, Inc. v. TAS Distributing Co., Inc.*,
   700 F.3d 1329 (Fed. Cir. 2012)..................................................................................................5

*JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*,
   546 S.W.3d 648 (Tex. 2018)..................................................................................................2, 4

*Lyons v. Empire Fuel Co.*,
   262 F. 465 (6th Cir. 1920) ..........................................................................................................5

*Materials Evaluation & Tech. Corp. v. Mid-Continent Cas. Co.*,
   No. 1:10-cv-740, 2011 WL 7052801 (E.D. Tex. Dec. 14, 2011) ...............................................4

*Mikob Props., Inc. v. Joachim*,
   468 S.W.3d 587 (Tex. App. 2015)..............................................................................................2

*In re Paige*,
   610 F.3d 865 (5th Cir. 2010) ......................................................................................................5

*Procter & Gamble Co. v. Amway Corp.*,
   376 F.3d 496 (5th Cir. 2004) ......................................................................................................4

**Statutes**

Tex. Civ. Prac. & Rem. Code 41.004(a)...........................................................................................4

**UNLESS OTHERWISE SPECIFIED, ALL EMPHASES
IN THIS BRIEF HAVE BEEN ADDED**

Pursuant to L.R. CV-7(f), Defendants hereby respectfully submit this reply brief in support of their Motion to Dismiss Plaintiff's Fraud and Concealment Claims Under Rule 12(b)(6).

## I. DISCUSSION

### A. Oyster's Reliance Arguments are Unavailing

The FAC does not plausibly allege justifiable reliance under controlling law. As an initial matter, Oyster's reliance allegations are simply too conclusory to pass muster under *Twombly* and *Iqbal*. [Dkt. 42 at 5-6.] Oyster's opposition does not respond to that issue. [Dkt. 57.] That alone warrants dismissal. Yet, even where Oyster responds, its arguments lack substance. Oyster spends much of its opposition identifying minor factual distinctions between controlling precedent and this case, yet never explains why the distinctions supposedly matter, and never identifies any authority finding justifiable reliance on facts similar to those alleged in the FAC. [*Id.* at 5-9.]

*First*, Oyster tries to bolster its claims of actual reliance by asserting that Coriant interfered with Oyster's independent analysis. [Dkt. 57 at 5-6.] But the FAC contains no allegations of interference, and in any event Oyster could have learned that the Agreement would apply to any future parent company by simply reading it. In short, Oyster's own FAC shows that it is a sophisticated party that relied on its own lawyers and experience, not on Coriant. [Dkt. 42 at 6.][1]

*Second*, Oyster tries to sideline the Agreement's merger clause by arguing that merger clauses are not "per se" bars to fraud claims. [Dkt. 57 at 6-7.] But Defendants are not relying on a "per se" bar. The issue is whether the specific language of the clause, read in context of the rest of the Agreement, demonstrates a lack of reliance. [Dkt. 42 at 6-7]; *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 571 (5th Cir. 2003). Courts have repeatedly held that merger clauses worded

---

[1] Oyster also states that the representation and warranty it obtained from Coriant "was false." [Dkt. 57 at 6, 8.] But this Court already rejected that argument in its prior summary judgment order, so collateral estoppel bars Oyster from relitigating that issue. [*See* Dkt. 42-17 at 15-16.]

like the Agreement's merger clause are sufficient to show a lack of justifiable reliance, particularly where, as here, other provisions also undercut reliance allegations. [Dkt. 42-12 at §§3.1, 6.1-6.2, 11]; *Armstrong*, 333 F.3d at 571; *In re Capco Energy, Inc.*, 669 F.3d 274, 283-84 (5th Cir. 2012). Accordingly, the agreement itself negates any allegation of justifiable reliance.

*Third*, Texas courts have uniformly held that reliance on representations made in an adversarial context like litigation is unjustified. [*See* Dkt. 42 at 7-8.] Oyster identifies no contrary precedent, instead focusing on the irrelevant issue of whether lies during settlement negotiations might constitute a breach of an attorney's ethical obligations. [Dkt. 57 at 7-8.] But if those obligations were sufficient to show justifiable reliance, then a party would always be justified in relying on an opposing attorney's statements in litigation. Binding Texas law holds exactly the opposite. *E.g.*, *Mikob Props., Inc. v. Joachim*, 468 S.W.3d 587, 598-99 (Tex. App. 2015).

*Finally*, Oyster fails to distinguish clear precedent establishing that fraud and concealment claims are unavailable where the alleged deception contradicts the contract's express terms. [Dkt. 57 at 8-9.] As in *JPMorgan Chase Bank, N.A. v. Orca Assets, G.P., L.L.C.*, the Agreement's own language—here, its definition of "Affiliates"—was a sufficient "red flag" to prevent Oyster from relying on any contrary representation or omission. *See* 546 S.W.3d 648, 658-59 (Tex. 2018). Oyster therefore fails to plausibly allege justifiable reliance, and its claims should be dismissed.

B. **The FAC's Fraud Allegations Do Not Satisfy Rule 9(b)**

Oyster's opposition confirms that it cannot satisfy Rule 9(b). The only specific statements Oyster identifies as allegedly fraudulent are Coriant's counsel's statement that certain revisions to a draft agreement were not "extensive" and his alleged statement that Coriant intended the Agreement to only cover Coriant, its customers, and its suppliers. [Dkt. 57 at 9-10 (citing FAC ¶41).] But defendants' motion explained why those allegations could not sustain Oyster's fraud

claim and Oyster offered no substantive response, thus conceding the issue. [*Compare* Dkt. 42 at 10-11 *with* Dkt. 57 at 9-10.] Oyster's request for permission to amend should also be rejected. Oyster already tried to assert fraud in the prior litigation, asserted and then withdrew a fraud claim in California, and then filed a plainly inadequate fraud claim in this case. An amended complaint would be an unwarranted fourth bite at the apple. Dismissal with prejudice is therefore proper.[2]

### C. Oyster Failed to Plausibly Allege a Duty of Disclosure

Oyster's sole argument that the FAC plausibly alleges a duty of disclosure is that Coriant supposedly said the Agreement would not cover "the products of any other named defendant in the consolidated litigation," and that Coriant therefore had a duty "to disclose new information" that made that representation misleading or untrue. [Dkt. 57 at 11-12 (citing FAC ¶¶30-31, 34, 41).] But the e-mail Oyster points to says nothing of the sort, and Oyster's other allegations are far too conclusory to support a fraud claim. [Dkt. 42 at 9-11; Dkt. 42-24.] Moreover, Oyster does not allege that Coriant said that the Agreement would not cover future affiliates.

In any event, the case law cited by Oyster applies only where a party learns new information during negotiations that makes a prior representation untrue. [Dkt. 57 at 11.] Yet, Infinera could not benefit from the Agreement unless and until it closed its acquisition of Coriant, and the mere possibility that Infinera would acquire Coriant in the future was not "new information" during the Oyster-Coriant negotiations. The "Affiliates" language proposed by Coriant made unambiguously clear that *any* future parent company of Coriant would be covered, whether it was Infinera or some other company. Having reviewed that language with the assistance of experienced counsel and agreed to it, Oyster cannot claim it was misled over whether future parent companies

---

[2] Oyster also exaggerates the FAC's allegations. For example, Oyster now claims Coriant said it "would be willing to assist" its litigation against other defendants, yet the FAC alleged only that Coriant said it "would discuss [its] willingness" to do so. [Dkt. 57 at 3; FAC ¶37.]

would be covered by the license and release. *JPMorgan Chase*, 546 S.W.3d at 656-660.

### D. Oyster's Failure to Plead Injury Cannot be Cured By Resort to Equitable Remedies and Punitive Damages

Oyster concedes it has not pled actual damages, arguing that its claims should proceed for punitive damages and equitable remedies alone. [Dkt. 57 at 12-13.] But Oyster's argument that these remedies are generally available for fraud claims misses the point. An actual, non-speculative injury is an essential element of Oyster's causes of action. Neither punitive damages nor equitable remedies can substitute for a threshold showing of actual damages. *Cruz v. Andrews Restoration, Inc.*, 364 S.W.3d 817, 823 (Tex. 2012) ("Even a rescission award requires a showing of actual damages."); Tex. Civ. Prac. & Rem. Code 41.004(a). Oyster's claims must therefore be dismissed.[3]

Moreover, Oyster has not pled entitlement to rescission or reformation. Rescission requires, *inter alia*, notice and tender. *Cruz*, 364 S.W.3d at 824. Reformation requires, at a minimum, unilateral mistake in reducing an agreement to writing in addition to fraud. *E.g.*, *Materials Evaluation & Tech. Corp. v. Mid-Continent Cas. Co.*, No. 1:10-cv-740, 2011 WL 7052801, at *6 (E.D. Tex. Dec. 14, 2011). The FAC contains no allegations as to these elements.

### E. Res Judicata Bars Oyster's Fraud and Concealment Claims

Oyster's arguments against the res judicata effect of this Court's prior judgment also lack merit. First, Oyster entirely ignores the specific prohibition of collateral attacks against a prior judgment. [Dkt. 42 at 13-14 (citing *Miller v. Meinhard-Commercial Corp.*, 462 F.2d 358 (5th Cir. 1972)).] Since the merger of law and equity, res judicata does not permit a party to unsuccessfully urge one interpretation of a contract and then, only after final judgment against it, ask that the

---

[3] Oyster's injury allegations fail even under the "redressability" standard it urges. [Dkt. 57 at 13.] This Court's judgment extinguished Oyster's patent infringement claims. *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 500 (5th Cir. 2004). Rescinding or reforming the Agreement now would not void that judgment or permit Oyster to renew its infringement suit.

contract be rescinded or reformed. *Cummins, Inc. v. TAS Distributing Co., Inc.*, 700 F.3d 1329, 1333, 1337-39 (Fed. Cir. 2012) (res judicata barred rescission action after previous litigation under the contract); *Lyons v. Empire Fuel Co.*, 262 F. 465, 466-68 (6th Cir. 1920) (res judicata barred reformation action where plaintiff previously litigated the agreement's meaning unsuccessfully).

Second, Oyster elevates form over substance in arguing that the fraud and concealment claims are a new cause of action, contrary to the Fifth Circuit's "pragmatic[]" transactional test for what constitutes the same cause of action. *In re Paige*, 610 F.3d 865, 872 (5th Cir. 2010). A central factual issue in Oyster's patent suits was whether Infinera's alleged use of Oyster's patents was "without authority" so as to constitute infringement. 35 U.S.C. § 271(a). That dispute hinged on the interpretation and enforceability of the Oyster-Coriant agreement, which this Court conclusively resolved in Infinera's favor. [Dkt. 42-17.] Oyster sought—unsuccessfully—to assert the very same facts that form the basis for its fraud and concealment claims to avoid summary judgment. [*Id.* at 17 n.5; Dkt. 42-15; Dkt. 42-16.] And Oyster itself admits that the "harm" from the alleged fraud resulted from this Court's judgment, [Dkt. 57 at 15], and that its fraud and concealment claims are attempts to "undo" that harm. [*Id.* at 14.]

Finally, Oyster's argument that its fraud and concealment claims did not arise until after this Court's final judgment is belied both by its own attempts to raise fraudulent inducement prior to that judgment, [Dkt. 42-15; Dkt. 42-16], and by its admission Infinera merely "alleg[ing]" that the Agreement covers the '500 patent is sufficient to effect the alleged harm. [Dkt. 57 at 15.] Oyster's fraud claims were thus plainly mature as soon as Infinera raised its license and release defenses in the prior litigation. Oyster simply neglected to assert them. It is too late to do so now.

## II. CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion to dismiss.

Dated: January 13, 2020                  Respectfully submitted,

     By: *Melissa R. Smith*
         Melissa R. Smith
         Texas Bar No. 24001351
         Gillam & Smith LLP
         303 South Washington Avenue
         Marshall, Texas 75670
         Telephone: 903-934-8450
         Fax: 903-934-9257
         melissa@gillamsmithlaw.com

         Ruffin Cordell
           Bar No. 04820550
           cordell@fr.com
         Joseph V. Colaianni
           D.C. Bar. No. 454744
           colaianni@fr.com
         Indranil Mukerji
           MA Bar No. 644059
           mukerji@fr.com
         Christopher Dryer
           D.C. Bar No. 1022460
           dryer@fr.com
         FISH & RICHARDSON P.C.
         1000 Maine Ave., S.W., Suite 1000
         Washington, D.C. 20024
         Telephone: (202) 783-5070
         Facsimile: (202) 783-2331

         *Attorneys for Defendants*
         *Infinera Corporation, Coriant (USA) Inc.,*
         *Coriant North America, LLC, and*
         *Coriant Operation, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on January 13, 2020, to all counsel of record who are deemed to have consented to electronic service via electronic mail.

Dated: January 13, 2020

/s/ *Melissa R. Smith*