# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **OYSTER OPTICS, LLC,** | |
|         Plaintiff, | Civil Action No. 2:19-cv-00257 |
|    v. | |
| **INFINERA CORPORATION, CORIANT (USA) INC., CORIANT NORTH AMERICA, LLC, and CORIANT OPERATIONS, INC.,** | |
|         Defendants. | |

**DEFENDANTS' MOTION TO STAY PENDING**
***INTER PARTES REVIEW* OF U.S. PATENT NOS. 6,665,500**

**TABLE OF CONTENTS**
I.    INTRODUCTION ..................................................................................................................1

II.   FACTUAL BACKGROUND ..............................................................................................2

III.  LEGAL STANDARD...........................................................................................................3

IV.   ARGUMENT........................................................................................................................4

    A.   Oyster Will Not Suffer Any Undue Prejudice .........................................................4

    B.   The Current Stage of the Litigations Favors a Stay.................................................4

    C.   Staying the Case Now Will Simplify or Eliminate Issues .......................................5

V.    CONCLUSION.....................................................................................................................6

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aylus Networks, Inc. v. Apple Inc.*,
   856 F.3d 1353 (Fed. Cir. 2017)......................................................................................2, 6

*Huawei Technologies Co. Ltd. v. T-Mobile US, Inc.*,
   No. 2:16-cv-52, 2017 WL 4314580 (E.D. Tex. Sep. 28, 2017) (J. Gilstrap)............................6

*Clinton v. Jones*,
   520 U.S. 681 (1997).............................................................................................................3

*Customedia Tech., LLC, v. Dish Network Corp*,
   2:16-cv-129-JRG (E.D. Tex. Aug. 9, 2017) ..........................................................................3

*Ethicon, Inc. v. Quigg*,
   849 F.2d 1422 (Fed. Cir. 1988)............................................................................................3

*Huawei Technologies Co. Ltd. v. T-Mobile US, Inc.*,
   No. 2:16-cv-52, 2017 WL 4385567 (E.D. Tex. Sep. 9, 2017) (Mag. J. Payne) ........................6

*Infinera Corporation v. Oyster Optics*, *LLC*,
   IPR2020-00325 (PTAB Dec. 2019).......................................................................................1

*Infinera Corporation v. Oyster Optics*, *LLC*,
   IPR2020-00326 (PTAB Dec. 2019).......................................................................................1

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936)..........................................................................................................3, 4

*NFC Techs. LLC v. HTC Am., Inc.*,
   Case No. 2:13-cv-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015)
   (Bryson, J.)..................................................................................................................3, 5, 6

*Versata Software, Inc. v. Callidus Software, Inc.*,
   771 F.3d 1368 (Fed. Cir. 2014)........................................................................................5, 6

*VirnetX, Inc. v. Apple, Inc.*,
   Civil Action No. 6:12-CV-855-RWS, 2018 WL 398433 (E.D. Tex. Jan. 12,
   2018) ...................................................................................................................................4

**Statutes**

35 U.S.C. §314(b) ........................................................................................................................3

35 U.S.C. §316(a)(11)..................................................................................................................3

America Invents Act Pub. Law 112-29, 125 Section 18(b) Stat 248 (2011) ...................................1

I.      **INTRODUCTION**

Defendants Infinera Corporation, Coriant (USA) Inc., Coriant North America, LLC, and Coriant Operations, Inc. (collectively, "Defendants") hereby move to stay the instant case pending the Patent Trial and Appeal Board's ("PTAB") decision to institute *inter partes* review ("IPR") of U.S. Patent Nos. 6,665,500 (the "'500 patent"), pursuant to Section 18(b) of the America Invents Act Pub. Law 112-29, 125 Stat 248 (2011) ("AIA").

Defendants filed two petitions seeking review of the '500 patent less than two months after Plaintiff Oyster Optics, LLC ("Oyster") disclosed its asserted claims in its infringement contentions. *Infinera Corporation v. Oyster Optics*, *LLC*, IPR2020-00326 (PTAB Dec. 2019); *Infinera Corporation v. Oyster Optics*, *LLC*, IPR2020-00325 (PTAB Dec. 2019). Both petitions were accorded a filing date of January 13, 2020. These petitions cover every asserted claim of the '500 patent. Further, some of the same prior art references identified in those petitions are identical to the references Defendants disclosed in their P.R. 3-3 Invalidity Contentions. Consequently, Defendants respectfully move the Court to stay the instant case.

The decision to stay falls within the sound discretion of the trial court. Each of the three factors that district courts typically consider in this context favors a stay. First, a stay will not unduly prejudice Oyster. Oyster does not compete with any of the Defendants and does not practice the '500 patent. Under such circumstances, Oyster cannot plausibly assert undue prejudice from a stay because it can be adequately compensated through monetary damages. Second, the current stage of the litigation favors a stay. Fact discovery does not close for another seven months, the *Markman* hearing has not yet taken place—indeed the parties have not exchanged proposed claim terms—and expert discovery has not yet begun. Dkt. No. 48 at 3-4. The trial is nearly one year away. *Id.* at 1. Entering a stay now would conserve and streamline the Court's and the parties' resources.

Finally, a stay is likely to simplify the issues in this litigation. The two IPR petitions cover each of the asserted claims—and most on more than one ground. Moreover, Defendants have relied upon many of the same references in the petitions as they disclosed in their P.R. 3-3 Invalidity Contentions. The IPRs are likely to invalidate the asserted claims outright and moot the entirety of this litigation. Likewise, Oyster may cancel claims voluntarily or try to amend its asserted claims to avoid invalidity during the IPR proceedings. And even before that point, the Federal Circuit has now made clear that a Patent Owner's statements during an *inter partes* review, including statements in the preliminary patent owner response before an institution decision, form part of the prosecution history of the patent and thus can generate prosecution history estoppels and disclaimers. *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1359 (Fed. Cir. 2017). A stay will avoid investing litigation resources in issues that may be moot or change as a result of the IPR proceedings, and will allow the IPR record to fully develop before proceeding further.

Oyster's Preliminary Patent Owner Responses are due on April 13, and the PTAB will begin issuing its rulings on whether to institute IPRs, on or before July 13. Given the substantive effect the IPRs will have on the '500 patent, the interests of efficiency favor staying this case now. Defendants respectfully request that the Court stay the instant litigation pending final resolution of the petitions for IPR on the '500 patent.

## II.  FACTUAL BACKGROUND

Oyster filed its complaint against Defendants on July 29, 2019 asserting infringement of the '500 patent. On November 8, 2019, Oyster served its patent infringement contentions, specifically identifying eleven claims of the '500 patent to be asserted against. After Oyster identified its asserted claims, Defendants filed their two petitions for IPR challenging all eleven asserted claims on December 27, 2019, and the PTAB issues a Notice of Accorded Filing Date

("Notice") on January 13, 2020. Oyster has up to three months from the Notice to file a preliminary response to each of the petitions, and the PTAB will then decide whether to institute each petition within three months from the date of Oyster's response. *See* 35 U.S.C. §314(b), 37 C.F.R. §42.107. Here, the PTAB issued the Notices for Defendants' two petitions on January 13, 2020. Thus, Oyster's Patent Owner Preliminary Responses are due by April 13, 2020, and the PTAB's Institution Decisions are due by July 13, 2020. Absent good cause, the PTAB must make a final determination in each of the IPRs within a year after institution. 35 U.S.C. §316(a)(11).

A *Markman* hearing is scheduled in this case on June 16, 2020, and the trial is scheduled for jury selection on January 4, 2021.

### III. LEGAL STANDARD

The district court has the inherent power to control its docket, including the power to stay proceedings. *Customedia Tech., LLC, v. Dish Network Corp*, 2:16-cv-129-JRG, (E.D. Tex. Aug. 9, 2017) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988)). In determining how to manage its docket, the district court "must weigh competing interests and maintain an even balance." *Customedia*, 2:16-cv-129-JRG, (E.D. Tex. Aug. 9, 2017) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).) When deciding whether to stay a case pending IPR, the court will consider "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Techs. LLC v. HTC Am., Inc.*, Case No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.). "These factors are not exclusive, and, ultimately, deciding whether to stay proceedings 'calls for the exercise of judgment, which must weigh competing interests and maintain an even

3

balance.'" *VirnetX, Inc. v. Apple, Inc.*, Civil Action No. 6:12-CV-855-RWS, 2018 WL 398433, at *3 (E.D. Tex. Jan. 12, 2018) (quoting *Landis*, 299 U.S. at 254-55).

IV.  ARGUMENT

All of the pertinent factors weigh in favor of granting a stay pending the IPR proceedings, which will simplify this litigation for many reasons.

    A.  **Oyster Will Not Suffer Any Undue Prejudice**

Oyster is a non-practicing entity that does not compete with any Defendants or sell products that practice the asserted patent. Oyster can be adequately compensated by monetary damages for any injury to its patent rights. Mere delay in collecting damages does not constitute undue prejudice. *Cellular Communications Equip., LLC v. Samsung Electronics Co., Ltd.* et al., CA No. 6:14-cv-759, 2015 WL 11143485 at *2 (E.D. Tex. Dec. 16, 2015). Staying the case will have no effect on Oyster's competitive position, as its only business is patent litigation. In contrast, the prejudice of forcing Defendants to continue to litigate a case where the PTAB may find many, if not all, of the patent claims invalid is profound. Defendants would suffer undue prejudice in the absence of a stay, because they would continue to incur the expense and burden of defending against infringement allegations of patent claims that the PTAB may very well invalidate.

    B.  **The Current Stage of the Litigations Favors a Stay**

Defendants filed this motion promptly after receiving the PTAB's Notices on January 13, 2020. Much work remains ahead of the parties and the Court in the case. The *Markman* hearing has not been held and the patent claims have not been construed. A technical advisor has not been assigned. Fact discovery remains open. Oyster has not disclosed any expert witnesses. And not a single witness has been deposed. Expert discovery has not yet begun, and summary judgment and trial preparation are well in the future. The parties will incur significant expense if

4

the litigation continues, while a stay would conserve Court and party resources. *See*, *e.g.*, *Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1374 (Fed. Cir. 2014) (finding that the court should be "mindful of the burden on the parties and the court in completing both fact and expert discovery, resolving summary judgment motions, completing the *Markman* process, and preparing for trial" and further finding that such circumstances weighed strongly in favor of a stay) (opinion vacated because the parties settled the case the day before the opinion issued).

      C.      **Staying the Case Now Will Simplify or Eliminate Issues**

The posture of the dispute between Oyster and Defendants as well as Oyster's assertions in this case make this case well-suited for a pre-institution stay. "[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the inter partes review proceeding will result in simplification of the issues before the Court." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13–CV–1058, 2015 WL 1069111, at *4 (E.D.Tex. Mar. 11, 2015). The PTAB proceedings will unquestionably result in simplification of the issues before the Court. The benefits of an *inter partes* review proceeding have been previously identified:

1. [Most of the] prior art presented to the Court will have been first considered by the PTO, with its particular expertise.

2. Many discovery problems relating to prior art can be alleviated by the PTO examination.

3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed.

4. The outcome of the [PTAB proceeding] may encourage a settlement without the further use of the Court.

5. The record of [the PTAB proceeding] would likely be entered at trial, thereby reducing the complexity and length of the litigation.

6. Issues, defenses, and evidence will be more easily limited in pre-trial conferences . . . .

7. The cost will likely be reduced both for the parties and the Court.

5

*Id.*

Considering the likelihood of Defendants' IPR petitions being instituted, and claims subsequently being found invalid, the IPR proceedings will almost certainly simplify issues. This case will be in a fundamentally different place following their conclusion. Additionally, regardless of the institution decisions, Oyster's statements in its Preliminary Responses it can file before the institution decisions will themselves create a highly material new piece of the record before this Court. *Aylus Networks*, 856 F.3d at 1359. Such statements have proved dispositive. *Huawei Technologies Co. Ltd. v. T-Mobile US, Inc.,* No. 2:16-cv-52, 2017 WL 4385567 at *3-5 (E.D. Tex. Sep. 9, 2017) (Mag. J. Payne), *adopted by Huawei Technologies Co. Ltd. v. T-Mobile US, Inc.,* No. 2:16-cv-52, 2017 WL 4314580 at *1 (E.D. Tex. Sep. 28, 2017) (J. Gilstrap).

Judicial economy is best served by staying this litigation because the petitions cover every single asserted claim. And even if only one results in institution, there is no requirement that all asserted claims be covered by an IPR for a district court to grant a stay. *See*, *e.g.*, *Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1371-72 (Fed. Cir. 2014) (vacated on other grounds).

Further, an immediate stay would allow the parties and the Court to avoid the burden and expense of the *Markman* hearing currently scheduled for June 16, 2020. Without a stay, the time spent by the Court to decide the claim construction issues may be wasted if the PTAB finds claims invalid or Oyster takes positions, including amendments, during the IPR that impact the scope of the claims.

## V. CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court grant their motion to stay this case pending final resolution of the IPR proceedings.

| | |
|---|---|
| Dated:  January 17, 2020 | Respectfully submitted,<br><br>By:  */s/ Melissa R. Smith*<br>     Melissa R. Smith<br>     Texas Bar No. 24001351<br>     Gillam & Smith LLP<br>     303 South Washington Avenue<br>     Marshall, Texas 75670<br>     Telephone: 903-934-8450<br>     Fax: 903-934-9257<br>     melissa@gillamsmithlaw.com<br><br>     Ruffin Cordell<br>        Bar No. 04820550<br>        cordell@fr.com<br>     Joseph V. Colaianni<br>        D.C. Bar. No. 454744<br>        colaianni@fr.com<br>     Indranil Mukerji<br>        MA Bar No. 644059<br>        mukerji@fr.com<br>     Christopher Dryer<br>        D.C. Bar No. 1022460<br>        dryer@fr.com<br>     FISH & RICHARDSON P.C.<br>     1000 Maine Ave., S.W., Suite 1000<br>     Washington, D.C.  20024<br>     Telephone: (202) 783-5070<br>     Facsimile: (202) 783-2331<br><br>     *Attorneys for Defendants*<br>     *Infinera Corporation, Coriant (USA) Inc.,*<br>     *Coriant North America, LLC, and*<br>     *Coriant Operations, Inc.* |

1

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel conferred on January 16, 2020 in a good faith attempt to resolve this motion.  However, Oyster opposes this motion and the parties' discussions have conclusively ended in an impasse.

*/s/ Melissa R. Smith*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Plaintiff's counsel of record were served with a true and correct copy of the foregoing document by electronic mail on January 17, 2020.

*/s/ Melissa R. Smith*