**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| OYSTER OPTICS, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:19-CV-00257-JRG |
| | § | |
| INFINERA CORPORATION, CORIANT | § | |
| NORTH AMERICA, LLC, CORIANT | § | |
| OPERATIONS, INC., CORIANT (USA) | § | |
| INC., | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Before the Court is Defendants' Opposed Motion to Stay Pending *Inter Partes Review* of U.S. Patent No. 6,665,500 (the "Motion"). (Dkt. No. 59.) The Court notes that no such *inter partes* review ("IPR") of U.S. Patent No. 6,665,500 has been instituted by the Patent Trial and Appeal Board ("PTAB"). *See generally Infinera Corporation v. Oyster Optics, LLC*, IPR2020-00325 (P.T.A.B.); *Infinera Corporation v. Oyster Optics, LLC*, IPR2020-00326 (P.T.A.B.). It is the Court's established practice to consider that motions to stay pending IPR proceedings that have not been instituted are inherently premature and should be denied as such. At this nascent stage, it is impossible for the Court to determine "whether the stay will likely result in simplifying the case before the court." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015WL10691111, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.). Indeed, if the PTAB denies institution of the IPRs, there will be no simplification of the case before the Court at all. Accordingly, Defendants' Motion should be and hereby is **DENIED WITHOUT PREJUDICE** to its refiling if and when IPR proceedings are instituted by the PTAB.

**So ORDERED and SIGNED this 4th day of February, 2020.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE