UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| OYSTER OPTICS, LLC,<br><br>                    Plaintiff,<br><br>    v.<br><br>INFINERA CORPORATION,<br>CORIANT (USA) INC., CORIANT<br>NORTH AMERICA, LLC, and<br>CORIANT OPERATIONS, INC.<br><br>                    Defendants. | Case No. 2:19-cv-00257<br><br>**FILED UNDER SEAL** |

**PLAINTIFF OYSTER OPTICS, LLC'S SUR-REPLY TO DEFENDANTS' MOTION TO EXLCUDE OPINIONS AND EXPERT TESTIMONY OF DR. KETIH GOOSSEN PURSUANT TO FEDERAL RULE OF EVIDENCE 702 AND *DAUBERT***

# Table of Contents

**Page No**

I. DR. GOOSSEN OFFERS ONLY TECHNICAL OPINIONS BASED ON HIS EXPERTISE .................................................................................................. 1

II. DR. GOOSSEN'S INDUCEMENT OPINIONS WERE PROPER ................................. 1

III. DR. GOOSSEN'S OPINIONS REGARDING THE INTERNAL OPTICAL FIBER ARE PROPER ............................................................................................................... 3

IV. DR. GOOSSEN'S OPINIONS REGARDING THE "CONTROLLER" LIMITATION ARE BASED ON THE SAME THEORY SET FORTH IN THE AMENDED INFRINGEMENT CONTENTIONS ................................................................................ 3

V. THE LIPSCOMB ARTICLE SHOULD NOT BE EXCLUDED ..................................... 4

VI. DR. GOOSSEN'S SECONDARY CONSIDERATIONS OPINIONS ARE PROPER.... 5

# Table of Authorities

**Page Nos.**

**Cases**

*ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*,
   694 F.3d 1312 (Fed. Cir. 2012)................................................................................................ 1

*First Assembly of God Church v. Fondren*
   Case No. 5:02CV47, 2003 WL 25685226, at *4 (E.D. Tex. Jan. 8, 2003)................................. 1

*Orion IP, LLC v. Staples, Inc.*,
   407 F. Supp. 2d 815 (E.D. Tex. 2006)....................................................................................... 2

*Phillips v. AWH Corp.*,
   415 F.3d 1303 (Fed. Cir. 2005)................................................................................................ 3

## I. DR. GOOSSEN OFFERS ONLY TECHNICAL OPINIONS BASED ON HIS EXPERTISE

As Oyster explained in its Opposition to this Motion, Dr. Goossen's opinions are: (1) technical in nature concerning the benefits of the patented technology; and (2) supported by deposition testimony and the technical documentation produced by Infinera in this case. Dkt No. 132 at 2-4. Nothing in Dr. Goossen's opinions required Oyster to take discovery directly of Infinera's customers—nor could Oyster have been expected to do so as Infinera did not identify any such customers in its Initial Disclosures (a fact which Infinera ignores in its Reply).

Defendants' motion makes clear that they are asking the Court to put greater weight on a few snippets of testimony of their witness Mr. Hustis over all of the evidence on which Dr. Goossen relies, as well as his own opinions based on his near thirty-years of experience and expertise. Dkt. No. 159 at 2 ("The only Infinera witness testimony to bear on this issue – Mr. Hustis's testimony – contradicts Dr. Goossen's rank speculation."). Such a request is improper on a *Daubert* motion, which focuses solely on the "methodology used, not the conclusions reached." *See First Assembly of God Church v. Fondren*, Case No. 5:02CV47, 2003 WL 25685226, at *4 (E.D. Tex. Jan. 8, 2003). *See also ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.,* 694 F.3d 1312, 1333 (Fed. Cir. 2012) ("Verizon's disagreements are with the conclusions reached by [the] expert and the factual assumptions and considerations underlying those conclusions, not his methodology. These disagreements go to the weight to be afforded the testimony and not its admissibility."). Defendants point to no methodological error in Dr. Goossen's, because none exists. The motion should be denied.

## II. DR. GOOSSEN'S INDUCEMENT OPINIONS WERE PROPER

Defendants' Reply changes the basis for their Motion with respect to Dr. Goossen's induced infringement opinions. The motion claimed only that Oyster "abandon[ed]" or "'waived" its inducement claims by not including them in the Amended Infringement Contentions. Dkt. No. 106 at 6-7. After Oyster made clear (based on the evidence Defendants attached to their motion)

1

that Oyster's Amended Infringement Contentions did not alter the cover pleading to Oyster's original infringement contentions, which clearly included inducement (Dkt. No 159 at 2-3), Defendants now claim that Oyster's original disclosures were insufficient for failing "to address the[] required elements." Dkt. No. 159 at 2.

First, to the extent Defendants believed Oyster's contentions were deficient, they should have addressed this issue during discovery. They should not have laid behind the log and attempted to spring this issue for the first time by way of a *Daubert* Motion. *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815, 818 (E.D. Tex. 2006) ("A defendant cannot lay behind the log until late in the case and then claim it lacks notice as to the scope of the case or the infringement contentions.").

Moreover, without citation to any of Dr. Goossen's opinions, Defendants newly assert that they do not "address the[] required elements for inducement." Dkt. No. 159 at 3. Defendants ignore the actual content of Dr. Goossen's opinions in making this argument. Dr. Goossen's opinions, in fact, establish Defendants "actively and knowingly aided and abetted" infringement by their customers as least since the filing of the Complaint (when Defendants undisputedly knew of the patent):

> To the extent that Defendants argue that the fiber must be external to the products (there is nothing in the claims that suggests that is required), the Defendants induce connections of such fibers to the transmitters. As I explain above, the entire purpose of the transmitters in the Accused Products (whether Legacy Infinera or Legacy Coriant) is to transmit data over an optical fiber, which is connected to the products using a connector built into the products by Defendants.
>
> It is hard to imagine any customer purchasing one of the Accused Products without intending to connect an optical fiber to the transmitter. Indeed, Defendants' corporate representative concerning the Legacy Coriant Products agreed that "the purpose of these products is to transmit data over an optical fiber," and testified that it is "probably not very likely" that any customer has purchased one of these products from Infinera or Coriant and not connected it to an optical fiber. (Spinnler Depo. Tr. at 49:15-50:3.) The accused products must be connected to an optical fiber to transmit data, and the Defendants provide connectors for such optical fibers with the knowledge and intent that their customers connect such fibers. For these reasons, Defendants at the very least induce infringement of this claim.

Ex. A, Goossen Infringement Report, ¶¶ 187-88. *See also id.* ¶¶ 190, 198, 216, 247-48, 250-51. The motion should be denied on this basis.

**III. DR. GOOSSEN'S OPINIONS REGARDING THE INTERNAL OPTICAL FIBER ARE PROPER**

Defendants maintain their strawman argument that "Oyster's amended infringement contentions [] do not 'depict[] the internal fiber" (Dkt. No. 159 at 3), while failing to address (or even mention) the facts that: (1) Dr. Goossen relies heavily on the same kinds of *internal* block diagrams of the CFP2-ACO compliant modules found in the infringement contentions in rendering his opinions (*compare* Ex. B. ¶ 186, 245 with Ex. H at 121); and (2) if Oyster intended to only rely on an ***external*** optical fiber, as Defendants erroneously assert, there would have been no need to include the ***internal*** block diagrams depicting the internal fiber.

Being faced with the facts concerning Oyster's proper disclosure of this opinion, Defendants resort to claiming Dr. Goossen's should be excluded because "he did not analyze the claim language" (Dkt. No. 159 at 3), despite multiple pages of analysis in his Report to the contrary. *See* Ex. A, ¶¶185-198. Defendants' additional contention that Dr. Goossen presented either "an erroneous" or faulty "interpretation" of the claim language, should be rejected. It is not Dr. Goossen's role to interpret the claim language, simply to apply the Court's constructions or the meaning a POSITA would apply to the terms. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005). Given that Defendants did not seek to have the term "the optical fiber" construed, Defendants have no basis to claim that Dr. Goossen was required to interpret and apply the term in the manner they contend was proper.

**IV. DR. GOOSSEN'S OPINIONS REGARDING THE "CONTROLLER" LIMITATION ARE BASED ON THE SAME THEORY SET FORTH IN THE AMENDED INFRINGEMENT CONTENTIONS**

As they did with their Motion, Defendants in their Reply simply turn a blind eye to the contents of Oyster's infringement contentions to claim Oyster's intent to rely on "drivers" was not disclosed. Defendants' claims that Oyster's infringement contentions "unequivocally identified only the 'FlexCoherent DSPs,' 'PICs,' and certain signal traces" (Dkt. No. 159 at 4) are simply false. As explained in Oyster's opposition, and ignored by Defendants in their Reply, with reference to the "Implementation Agreement for CFP-2 Analogue Coherent Optics Module, OIF-

CF2_ACo-01.0, at 14," Oyster specifically highlighted the "Tx Driver (Linear or Limiting" in Defendants Accused Products)," which is an example of the ▮▮▮▮▮▮ that Oyster accused of infringement:



Ex. H at 28-29 (annotations in original). Dr. Goossen's Report *relies on this exact same figure* to support the opinions Defendants move to strike. Ex. B 64-65, ¶185. Defendants' claim that Oyster failed to disclose this contention is meritless.

V.      **THE LIPSCOMB ARTICLE SHOULD NOT BE EXCLUDED**

Having now had two chances, Defendants still fail to provide any reason to exclude Dr. Goossen's reliance on the Lipscomb article. Defendants still do not claim, or show, any difference between Dr. Goossen's opinions in his report based on this article and Oyster's contentions and theroies disclosed in its infringement contentions. Moreover, Defendants' claims of prejudice ring hollow—they do not state what discovery they would have pursued concerning this article if it had been disclosed earlier. Moreover, "[t]hat the expert report includes information outside of the

4

infringement contentions…is to be expected." *Digital Reg of Texas, LLC v.* Adobe Sys. Inc., 2014 WL 1653131, *5 (N.D. Cal. Apr. 24, 2014). Defendants point to no authority that all technical articles an expert may use as support for his or her opinions must be disclosed during discovery, because none exists—Rule 26 solely controls these disclosures and Dr. Goossen complied with this Rule by identifying the article in his Report. Nothing else was required.

**VI. DR. GOOSSEN'S SECONDARY CONSIDERATIONS OPINIONS ARE PROPER**

Defendants' response to the fact that Dr. Goossen's secondary considerations opinions are supported by over four pages of opinions, referencing Infinera documents and 30(b)(6) deposition testimony, summarizing the "tremendous economic benefit" provided by patented technology (Dkt. No. 132 at 13) is to baldly assert that this evidence has "nothing to do with the '500 Patent." Dkt. No. 159 at 5. This contention misstates Dr. Goossen's report and the underlying evidence. Dr. Goossen establishes nexus: "that the success [of the accused products] stems from the use of the claimed inventions including the first and second mode and the ability to switch between modes." Ex. B ¶¶ 165, 166. He provides multiple pages of analysis showing how this commercial benefit in the Accused Products is derived from the use of the patented technology, including Infinera's own documents and witness testimony. Ex. A ¶¶ 85-89. As with their attacks on Dr. Goossen's opinions as to benefits, Defendants are not attacking Dr. Goossen's methodology, but instead his conclusions, and their disagreements with the benefits afforded by the use of the patent. Exclusion of his opinions on this basis is improper. Defendants' motion should be denied.

Dated: October 27, 2020

Respectfully submitted,

By: */s/ Paul A. Kroeger*
Marc A. Fenster (CA SBN 181067)
Email: mfenster@raklaw.com
Reza Mirzaie (CA SBN 246953)
Email: rmirzaie@raklaw.com
Paul Kroeger (CA SBN 229074)
Email: pkroeger@raklaw.com

Neil Rubin (CA SBN 250761)
Email: nrubin@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: 310/826-7474
Facsimile 310/826-6991

## CERTIFICATE OF SERVICE

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on October 27, 2020 with a copy of this document via the Court's ECF system.

DATED: October 27, 2020                     Respectfully submitted,

By: /s/ *Paul A. Kroeger*
Paul A. Kroeger

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that this document is authorized to be filed under seal pursuant to the Protective Order in this matter.


DATED: October 27, 2020                              Respectfully submitted,

                                                             By: /*s/ Paul A. Kroeger*
                                                                  Paul A. Kroeger